# CT CORPORATION
A WoltersKluwer Company

**TO:** Kellie Moledor
Roadway Express, Inc.
1077 Gorge Blvd
Akron, OH, 44310-

**RE:** **Process Served in Tennessee**

**FOR:** YELLOW FREIGHT SYSTEM, INC. (Former Name) (Domestic State: IN)
Yellow Transportation, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Herbert A. Conley, Pltf. vs. Yellow Freight System, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Hamilton County Chancery Court, TN<br>Case # 060504 |
| **NATURE OF ACTION:** | Employee Litigation - Whistle Blower's Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/10/2006 at 09:00 |
| **APPEARANCE OR ANSWER DUE:** | 30 days |
| **ATTORNEY(S) / SENDER(S):** | George M. Derryberry<br>651 E. 4th Street<br>Suite 401<br>Chattanooga, TN, 37403<br>423-267-9777 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790491968015<br>Image SOP - Page(s): 7<br>Email Notification, Lisa M Yates Lisa.Yates@yrcw.com<br>Email Notification, Brenda Germ brenda.germ@yrcw.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>800 S. Gay Street<br>Suite 0221<br>Knoxville, TN, 37929-9710 |
| **TELEPHONE:** | 865-342-3622 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.



**EXHIBIT**

A

# State of Tennessee
## IN THE CHANCERY COURT OF HAMILTON COUNTY

Herbert A. Conley,

Plaintiff

vs.

Yellow Freight System, Inc.,

Defendant

NO. 06-0504

JURY DEMAND

## SUMMONS

TO: Yellow Freight System, Inc., c/o
CT Corporation System, 530 Gay Street, Knoxville, TN 37902 as
defendant's agent for service of process

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Chancery Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Clerk and Master of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

ATTESTED TO and issued this _26th_ day of _June_ 20 _06_.

S. Lee Akers, Clerk and Master

By _Charlene Brown_

Deputy Clerk and Master

ATTORNEYS FOR PLAINTIFF _____ George M. Derryberry
651 E. 4th Street, Suite 401
Chattanooga, TN 37403

(423) 267-9777          Address

PLAINTIFF'S ADDRESS _____ 250 Spirit Circle, Manchester, TN 37355

Received this _29_ day of _JUNE_, 20 _06_.

/S/ _Jack Dyson_

Deputy Sheriff

HERBERT A. CONLEY,

    Plaintiff,

vs.

YELLOW FREIGHT SYSTEM, INC.,

    Defendant.

\*
\*   NO. 06-0504
\*
\*   IN THE CHANCERY COURT OF
\*
\*   HAMILTON COUNTY, TENNESSEE
\*
\*   JURY DEMAND
\*

## COMPLAINT

1. Plaintiff is an adult citizen and resident of Coffee County, Tennessee.

2. Defendant Yellow Freight System, Inc. ("Yellow Freight") is a corporation for profit organized under the laws of the State of Indiana, with principal office located at 109900 Rowe Avenue, Overland Park, Kansas 66211. Yellow Freight has appointed C.T. Corporation System, 530 Gay Street, Knoxville, Tennessee 37902, as its registered agent for service of process in this state.

3. Yellow Freight, at all material times, has owned and operated an interstate motor carrier service in and about Tennessee, including Hamilton County, Tennessee. Among other things, Yellow Freight owned and operated at all material times an interstate freight terminal located in Chattanooga, Hamilton County, Tennessee.

4. This action is brought under the Tennessee Public Protection Act, sometimes known as the Tennessee "Whistleblower Act," codified at T.C.A. Section 50-1-304. Plaintiff also brings a claim against Yellow Freight for retaliatory discharge, as more fully stated below.

5. This Court has jurisdiction of the subject matter of this action, and in personam jurisdiction over the parties.

6.    Venue is proper in this Court and county.

## Factual Allegations

7.    Yellow Freight is a covered employer within the meaning of T.C.A. Section 50-1-304.

8.    Plaintiff was employed by Yellow Freight as an over-the-road driver for over sixteen (16) years, most recently working out of its Chattanooga terminal. Plaintiff was a fully qualified driver of commercial motor vehicles, had a very favorable safety record, and at all material times performed his job duties and assigned responsibilities for Yellow Freight in an exemplary, safe, and law-abiding manner.

9.    At various times up until his discharge on April 22, 2003, plaintiff was singled out, criticized and disciplined by the defendant for faithfully abiding by safety rules and regulations imposed by the United States Department of Transportation. Such rules and regulations include, but are not limited to, Section 392, 49 C.F.R., and specifically 49 C.F.R., Section 392.3, generally prohibiting operation of a commercial motor vehicle by a driver experiencing fatigue, illness, or the like.

10.    Plaintiff was, in effect, instructed by Yellow Freight to violate said regulations, and was singled out for criticism, discipline, and ultimately discharged when he refused to comply with said instructions, and refused to engage in illegal activities, or to remain silent about same.

11.    The defendant has represented that plaintiff's discipline and discharge was for allegedly "failing to sign in and out properly and accurately." The rule or requirement

2

asserted by the defendant as the basis for plaintiff's discipline and discharge was consistently and routinely ignored, both by the defendant, and by other Yellow Freight employees. The requirement was not observed or enforced by the defendant, and was, in fact selectively enforced only against the plaintiff. In fact, plaintiff's alleged "failure to sign in and out properly and accurately" was a pretext for the defendant's intentional discrimination against the plaintiff, and for defendant's discipline and discharge of the plaintiff for his refusal to engage in, or to remain silent about, illegal activities.

12. The plaintiff timely filed a civil action against the defendant averring, <u>inter alia</u>, that he was discharged by the defendant in violation of the Tennessee "Whistleblower" statute, T.C.A. Section 50-1-304, and for his refusal to participate in or remain silent about illegal activities. Said civil action, which bore docket number 1:04-cv-060, in the United States District Court for the Eastern District of Tennessee, was dismissed without prejudice on October 25, 2005 for lack of jurisdiction. Accordingly, this action is timely brought in this Court pursuant to T.C.A. Section 28-1-115.

First Count

13. Plaintiff adopts and incorporates herein by reference all allegations of paragraphs 1 through 12 of the foregoing Complaint.

14. Plaintiff avers that he was intentionally discharged by the defendant solely because of his refusal to participate in, or remain silent about illegal activities, in violation of the Tennessee "Whistleblower Act," specifically T.C.A. Section

3

50-1-304. Plaintiff is entitled to recover from the defendant all damages properly allowable thereunder, including back pay, front pay, loss of fringe benefits, damages for humiliation and embarrassment, and attorney's fees. Plaintiff also is entitled to punitive damages for defendant's intentional conduct.

Second Count

15. Plaintiff adopts and incorporates herein by reference all allegations of paragraphs 1 through 12 of the foregoing Complaint.

16. Pleading in the alternative, plaintiff avers that he is entitled to recover from defendant under a common law theory of retaliatory discharge, because defendant disciplined and ultimately discharged him for his refusal to participate in, or to remain silent about illegal and unethical activities. Such action by defendant violated a well-defined and established public policy of the State of Tennessee, and of the United States.

17. Accordingly, plaintiff is entitled to reinstatement with full seniority and benefits, or in the alternative, back pay; and to recover from defendant all damages proximately resulting from his intentional, retaliatory discharge, including without limitation front pay (if reinstatement is not ordered), loss of fringe benefits, damages for humiliation and embarrassment, and attorney's fees. Plaintiff also is entitled to punitive damages for defendant's intentional conduct.

WHEREFORE, plaintiff demands judgment against defendant for reinstatement with full seniority and all benefits, or in the alternative, back pay; loss of fringe benefits; damages for

4

humiliation and embarrassment; and other compensatory damages,
all in an amount to be shown at a trial on the merits, which
amount is expected to be no less than $500,000.00; for attorney's
fees and expenses; expert witness fees; punitive damages of
$500,000.00 for defendant's intentional and unlawful conduct; and
all costs of this action, including discretionary costs.
Plaintiff also demands a jury to try all issues in this action
when joined.

GEORGE M. DERRYBERRY

By: _____

TN BPR No. 001674
651 E. 4th Street, Suite 401
Chattanooga, TN 37403
(423) 267-9777
Facsimile ---- 423/267-9888
Attorney for Plaintiff

5