```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF TENNESSEE
                           at CHATTANOOGA
```

HERBERT A. CONLEY,           *
                             *
    Plaintiff,          *   No. 1:06-cv-164
                             *
vs.                          *   Judge Carter
                             *
YELLOW FREIGHT SYSTEM, INC., *
                             *
    Defendant.          *

## AMENDED COMPLAINT

1. Plaintiff is an adult citizen and resident of Coffee County, Tennessee.

2. Defendant Yellow Freight System, Inc. ("Yellow Freight") is a corporation for profit organized under the laws of the State of Indiana, with principal office located at 109900 Rowe Avenue, Overland Park, Kansas 66211. Yellow Freight has appointed C.T. Corporation System, 530 Gay Street, Knoxville, Tennessee 37902, as its registered agent for service of process in this state.

3. Yellow Freight, at all material times, has owned and operated an interstate motor carrier service in and about Tennessee, including Hamilton County, Tennessee. Among other things, Yellow Freight owned and operated at all material times an interstate freight terminal located in Chattanooga, Hamilton County, Tennessee.

4. This action is brought under the Tennessee Public Protection Act, sometimes known as the Tennessee "Whistleblower Act," codified at T.C.A. Section 50-1-304. Plaintiff also brings

a claim against Yellow Freight for retaliatory discharge, as more fully stated below.

5. This Court has jurisdiction of the subject matter of this action, and <u>in personam</u> jurisdiction over the parties.

6. Venue is proper in this Court and county.

<u>Factual Allegations</u>

7. Yellow Freight is a covered employer within the meaning of T.C.A. Section 50-1-304.

8. Plaintiff was employed by Yellow Freight as an over-the-road driver for over sixteen (16) years, most recently working out of its Chattanooga terminal. Plaintiff was a fully qualified driver of commercial motor vehicles, had a very favorable safety record, and at all material times performed his job duties and assigned responsibilities for Yellow Freight in an exemplary, safe, and law-abiding manner.

9. At various times up until his discharge on April 22, 2003, plaintiff was singled out, criticized and disciplined by the defendant for faithfully abiding by safety rules and regulations imposed by the United States Department of Transportation. Such rules and regulations include, but are not limited to, Section 392, 49 C.F.R., and specifically 49 C.F.R., Section 392.3, generally prohibiting operation of a commercial motor vehicle by a driver experiencing fatigue, illness, or the like.

10. Plaintiff was, in effect, instructed by Yellow Freight to violate said regulations, and was singled out for criticism, discipline, and ultimately discharged because he refused to

comply with said instructions, and refused to engage in illegal activities, or to remain silent about same.

11. The defendant has represented that plaintiff's discipline and discharge was for allegedly "failing to sign in and out properly and accurately." The rule or requirement asserted by the defendant as the basis for plaintiff's discipline and discharge was consistently and routinely ignored, both by the defendant, and by other Yellow Freight employees. The requirement was not observed or enforced by the defendant, and was, in fact selectively enforced only against the plaintiff. In fact, plaintiff's alleged "failure to sign in and out properly and accurately" was a pretext for the defendant's intentional discrimination against the plaintiff, and for defendant's discipline and discharge of the plaintiff for his refusal to engage in, or to remain silent about, illegal activities.

12. The plaintiff timely filed a civil action against the defendant averring, <u>inter alia</u>, that he was discharged by the defendant in violation of the Tennessee "Whistleblower" statute, T.C.A. Section 50-1-304, and for his refusal to participate in or remain silent about illegal activities. Said civil action, which bore docket number 1:04-cv-060, in the United States District Court for the Eastern District of Tennessee, was dismissed without prejudice on October 25, 2005 for lack of jurisdiction. Accordingly, this action is timely brought pursuant to T.C.A. Section 28-1-115.

## First Count

13. Plaintiff adopts and incorporates herein by reference all allegations of paragraphs 1 through 12 of the foregoing Complaint.

14. Plaintiff avers that he was intentionally discharged by the defendant solely because of his refusal to participate in, or remain silent about illegal activities, in violation of the Tennessee "Whistleblower Act," specifically T.C.A. Section 50-1-304. Plaintiff is entitled to all damages and other relief available under T.C.A. Section 50-1-304, including back pay, front pay, loss of fringe benefits, damages for humiliation and embarrassment, and attorney's fees. Plaintiff also is entitled to punitive damages for defendant's intentional conduct. Plaintiff also avers that he would accept reinstatement, with appropriate protections against any future retaliation, in lieu of front pay, if the Court deems same both available and proper under T.C.A. Section 50-1-304.

## Second Count

15. Plaintiff adopts and incorporates herein by reference all allegations of paragraphs 1 through 12 of the foregoing Complaint.

16. Pleading in the alternative, plaintiff avers that he is entitled to recover from defendant under a common law theory of retaliatory discharge, because defendant disciplined and ultimately discharged him for his refusal to participate in, or to remain silent about illegal and unethical activities. Such action by defendant violated a well-defined and established

public policy of the State of Tennessee, and of the United States.  Plaintiff notes that this Court has been dismissed upon the defendant's motion for summary judgment.  Plaintiff realleges this count solely for the purpose of preserving his right to appeal from the order dismissing same on October 9, 2007.

    17.  Accordingly, plaintiff would be entitled to back pay; front pay (unless reinstatement, with appropriate protections, is deemed available and proper by the Court), and to recover from defendant all other damages proximately resulting from his intentional, retaliatory discharge, including without limitation loss of fringe benefits, damages for humiliation and embarrassment, and attorney's fees.  Plaintiff also is entitled to punitive damages for defendant's intentional conduct.

    WHEREFORE, plaintiff demands judgment against defendant for the above-described relief, including monetary relief and damages whose amount is expected to be no less than $500,000.00; for attorney's fees and expenses; expert witness fees; punitive damages of $500,000.00 for defendant's intentional and unlawful conduct; and all costs of this action, including discretionary costs.  Plaintiff also demands a jury to try all issues in this action when joined.

                      GEORGE M. DERRYBERRY

                      By:  __s/George M. Derryberry__

                      TN BPR No. 001674
                      651 E. 4th Street, Suite 401
                      Chattanooga, TN 37403
                      (423) 267-9777
                      Facsimile ---- 423/267-9888
                      Attorney for Plaintiff